**Leinart Law Firm**
11520 N. Central Expressway
Suite 212
Dallas, Texas 75243

Bar Number: 00794156
Phone: (469) 232-3328

# IN THE UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF TEXAS
## FORT WORTH DIVISION

| | | | |
|---|---|---|---|
| In re: **Curtis Dwayne Gamble** | xxx-xx-6630 | § | Case No: **19-42682-elm-13** |
| 512 Oriel Circle | | § | Date: **7/29/2019** |
| Crowley, TX 76036 | | § | |
| | | § | Chapter 13 |
| | | § | |

Debtor(s)

### DEBTOR'S(S') CHAPTER 13 PLAN
### (CONTAINING A MOTION FOR VALUATION)

#### DISCLOSURES

☑ This *Plan* does not contain any *Nonstandard Provisions*.

☐ This *Plan* contains *Nonstandard Provisions* listed in Section III.

☑ This *Plan* does not limit the amount of a secured claim based on a valuation of the *Collateral* for the claim.

☐ This *Plan* does limit the amount of a secured claim based on a valuation of the *Collateral* for the claim.

This *Plan* does not avoid a security interest or lien.

Language in italicized type in this *Plan* shall be as defined in the "General Order 2017-01, Standing Order Concerning Chapter 13 Cases" and as it may be superseded or amended ("General Order"). All provisions of the General Order shall apply to this *Plan* as if fully set out herein.

| | | | |
|---|---|---|---|
| Plan Payment: | **$430.00** | Value of Non-exempt property per § 1325(a)(4): | **$0.00** |
| Plan Term: | **60 months** | Monthly Disposable Income per § 1325(b)(2): | **$0.00** |
| Plan Base: | **$25,800.00** | Monthly Disposable Income x ACP ("UCP"): | **$0.00** |
| Applicable Commitment Period: | **36 months** | | |

Case No: 19-42682-elm-13
Debtor(s): **Curtis Dwayne Gamble**

---

**MOTION FOR VALUATION**

Pursuant to Bankruptcy Rule 3012, for purposes of 11 U.S.C. § 506(a) and § 1325(a)(5) and for purposes of determination of the amounts to be distributed to holders of secured claims who do not accept the *Plan, Debtor(s)* hereby move(s) the Court to value the *Collateral* described in Section I, Part E.(1) and Part F of the *Plan* at the lesser of the value set forth therein or any value claimed on the proof of claim. Any objection to valuation shall be filed at least seven (7) days prior to the date of the *Trustee's* pre-hearing conference regarding Confirmation or shall be deemed waived.

**SECTION I**
**DEBTOR'S(S') CHAPTER 13 PLAN - SPECIFIC PROVISIONS**
**FORM REVISED 7/1/17**

A. **PLAN PAYMENTS:**

    *Debtor(s)* propose(s) to pay to the *Trustee* the sum of:

    __$430.00__ per month, months __1__ to __60__ .

    For a total of __$25,800.00__ (estimated "*Base Amount*").

    First payment is due __7/31/2019__ .

    The applicable commitment period ("ACP") is __36__ months.

    Monthly Disposable Income ("DI") calculated by *Debtor(s)* per § 1325(b)(2) is: __$0.00__ .

    The Unsecured Creditors' Pool ("UCP"), which is DI x ACP, as estimated by the Debtor(s), shall be no less than: __$0.00__ .

    *Debtor's(s')* equity in non-exempt property, as estimated by *Debtor(s)* per § 1325(a)(4), shall be no less than: __$0.00__ .

B. **STATUTORY, ADMINISTRATIVE AND DSO CLAIMS:**

    1. **CLERK'S FILING FEE:** Total filing fees paid through the *Plan*, if any, are __$0.00__ and shall be paid in full prior to disbursements to any other creditor.

    2. **STATUTORY TRUSTEE'S PERCENTAGE FEE(S) AND NOTICING FEES:** *Trustee's Percentage Fee(s)* and any noticing fees shall be paid first out of each receipt as provided in General Order 2017-01 (as it may be superseded or amended) and 28 U.S.C. § 586(e)(1) and (2).

    3. **DOMESTIC SUPPORT OBLIGATIONS:** The *Debtor* is responsible for paying any Post-petition Domestic Support Obligation directly to the DSO claimant. Pre-petition Domestic Support Obligations per Schedule "E/F" shall be paid in the following monthly payments:

| DSO CLAIMANTS | SCHED. AMOUNT | % | TERM (APPROXIMATE) (MONTHS __ TO __) | TREATMENT $__ PER MO. |
|---|---|---|---|---|
| | | | | |

C. **ATTORNEY FEES:** To __Leinart Law Firm__ , total: __$3,700.00__ ;
    __$0.00__ Pre-petition; __$3,700.00__ disbursed by the *Trustee*.

Case No: 19-42682-elm-13
Debtor(s): **Curtis Dwayne Gamble**

### D.(1) PRE-PETITION MORTGAGE ARREARAGE:

| MORTGAGEE | SCHED. ARR. AMT. | DATE ARR. THROUGH | % | TERM (APPROXIMATE) (MONTHS __ TO __) | TREATMENT |
|---|---|---|---|---|---|
|  |  |  |  |  |  |

### D.(2) CURRENT POST-PETITION MORTGAGE PAYMENTS DISBURSED BY THE TRUSTEE IN A CONDUIT CASE:

| MORTGAGEE | # OF PAYMENTS PAID BY TRUSTEE | CURRENT POST-PETITION MORTGAGE PAYMENT AMOUNT | FIRST CONDUIT PAYMENT DUE DATE (MM-DD-YY) |
|---|---|---|---|
|  |  |  |  |

### D.(3) POST-PETITION MORTGAGE ARREARAGE:

| MORTGAGEE | TOTAL AMT. | DUE DATE(S) (MM-DD-YY) | % | TERM (APPROXIMATE) (MONTHS __ TO __) | TREATMENT |
|---|---|---|---|---|---|
|  |  |  |  |  |  |

### E.(1) SECURED CREDITORS - PAID BY THE TRUSTEE:

A.

| CREDITOR / COLLATERAL | SCHED. AMT. | VALUE | % | TERM (APPROXIMATE) (MONTHS __ TO __) | TREATMENT Per Mo. |
|---|---|---|---|---|---|
|  |  |  |  |  |  |

B.

| CREDITOR / COLLATERAL | SCHED. AMT. | VALUE | % | | TREATMENT Pro-rata |
|---|---|---|---|---|---|
|  |  |  |  |  |  |

To the extent the value amount in E.(1) is less than the scheduled amount in E.(1), the creditor may object. In the event a creditor objects to the treatment proposed in paragraph E.(1), the *Debtor(s)* retain(s) the right to surrender the *Collateral* to the creditor in satisfaction of the creditor's claim.

### E.(2) SECURED 1325(a)(9) CLAIMS PAID BY THE TRUSTEE - NO CRAM DOWN:

A.

| CREDITOR / COLLATERAL | SCHED. AMT. | % | TERM (APPROXIMATE) (MONTHS __ TO __) | TREATMENT Per Mo. |
|---|---|---|---|---|
|  |  |  |  |  |

B.

| CREDITOR / COLLATERAL | SCHED. AMT. | % | | TREATMENT Pro-rata |
|---|---|---|---|---|
| Santander Consumer USA 2016 Dodge Journey | $17,000.00 | 5.00% | | Pro-Rata |

The valuation of *Collateral* set out in E.(1) and the interest rate to be paid on the above scheduled claims in E.(1) and E.(2) will be finally determined at confirmation. The allowed claim amount will be determined based on a timely filed proof of claim and the *Trustee's Recommendation Concerning Claims* ("TRCC") or by an order on an objection to claim.

Absent any objection to the treatment described in E.(1) or E.(2), the creditor(s) listed in E.(1) and E.(2) shall be deemed to have accepted the *Plan* per section 1325(a)(5)(A) of the Bankruptcy Code and to have waived its or their rights under section 1325(a)(5)(B) and (C) of the Bankruptcy Code.

### F. SECURED CREDITORS - COLLATERAL TO BE SURRENDERED:

| CREDITOR / COLLATERAL | SCHED. AMT. | VALUE | TREATMENT |
|---|---|---|---|
| Silverleaf/orange Lake Timeshare | $37,245.00 | $37,245.00 | Surrender |

Case No: 19-42682-elm-13
Debtor(s): **Curtis Dwayne Gamble**

---

Upon confirmation, pursuant to 11 U.S.C. § 1322(b)(8), the surrender of the *Collateral* described herein will provide for the payment of all or part of a claim against the *Debtor(s)* in the amount of the value given herein.

The valuation of *Collateral* in F will be finally determined at confirmation. The allowed claim amount will be determined based on a timely filed proof of claim and the *Trustee's Recommendation Concerning Claims* ("TRCC") or by an order on an objection to claim.

The *Debtor(s)* request(s) that the automatic stay be terminated as to the surrendered *Collateral*. If there is no objection to the surrender, the automatic stay shall terminate and the *Trustee* shall cease disbursements on any secured claim which is secured by the *Surrendered Collateral*, without further order of the Court, on the 7th day after the date the *Plan* is filed. However, the stay shall not be terminated if the *Trustee* or affected secured lender files an objection in compliance with paragraph 8 of the General Order until such objection is resolved.

Nothing in this *Plan* shall be deemed to abrogate any applicable non-bankruptcy statutory or contractual rights of the *Debtor(s)*.

### G. SECURED CREDITORS - PAID DIRECT BY DEBTOR:

| CREDITOR | COLLATERAL | SCHED. AMT. |
|---|---|---|
| | | |

### H. PRIORITY CREDITORS OTHER THAN DOMESTIC SUPPORT OBLIGATIONS:

| CREDITOR | SCHED. AMT. | TERM (APPROXIMATE) (MONTHS __ TO __) | TREATMENT |
|---|---|---|---|
| | | | |

### I. SPECIAL CLASS:

| CREDITOR | SCHED. AMT. | TERM (APPROXIMATE) (MONTHS __ TO __) | TREATMENT |
|---|---|---|---|
| | | | |

JUSTIFICATION: _____

_____

### J. UNSECURED CREDITORS:

| CREDITOR | SCHED. AMT. | COMMENT |
|---|---|---|
| Aarons Sales & Lease | $0.00 | |
| Aarons Sales & Lease | $0.00 | |
| Aarons Sales & Lease | $0.00 | |
| Aarons Sales & Lease | $0.00 | |
| Aarons Sales & Lease | $0.00 | |
| Aarons Sales & Lease | $0.00 | |
| Aarons Sales & Lease | $0.00 | |
| Aarons Sales & Lease | $0.00 | |
| Aarons Sales & Lease | $0.00 | |
| Aarons Sales & Lease | $0.00 | |
| Aarons Sales & Lease | $0.00 | |
| Aarons Sales & Lease | $0.00 | |
| Aarons Sales & Lease | $0.00 | |
| Aarons Sales & Lease | $0.00 | |
| Acclaim Physicians Group | $387.00 | |
| Accounts Receivable Managment | $317.61 | |
| Ad Astra Recovery | $2,185.00 | |
| Alliance One | $146.00 | |

Case No: 19-42682-elm-13
Debtor(s): **Curtis Dwayne Gamble**

| | |
|---|---|
| **Alltran Financial LP** | **$0.00** |
| **Alltran Health Inc** | **$570.54** |
| **Ambit Energy** | **$0.00** |
| **AMH 2014-1 Borrower, LLC** | **$0.00** |
| **Banfield Pet Hospital** | **$0.00** |
| **Baylor Scott& White Health** | **$0.00** |
| **BECU** | **$0.00** |
| **BECU** | **$0.00** |
| **Brident Dental** | **$2,249.50** |
| **Brident Dental** | **$1,474.50** |
| **Cash Factory** | **$1,000.00** |
| **Cash Factory** | **$1,000.00** |
| **Cash Store** | **$2,100.00** |
| **Credit Collections Svc** | **$227.00** |
| **Credit One Bank** | **$0.00** |
| **Credit One Bank Na** | **$0.00** |
| **Credit Protection Association** | **$591.55** |
| **Credit Systems International, Inc** | **$997.00** |
| **Dr. Tariq M Yunus, MD** | **$1,600.00** |
| **First Federal Credit & Collections** | **$89.00** |
| **Gexa Energy** | **$0.00** |
| **IC Systems, Inc** | **$388.00** |
| **Imran K Patel** | **$92.33** |
| **Internal Revenue Service** | **$13,508.74** |
| **Kinum** | **$745.00** |
| **Kohls/Capital One** | **$496.00** |
| **LVNV Funding/Resurgent Capital** | **$729.00** |
| **Meridian Credit Solutions** | **$0.00** |
| **Money Key** | **$1,000.00** |
| **North American Credit Services** | **$544.00** |
| **North American Credit Services** | **$384.00** |
| **North American Credit Services** | **$165.00** |
| **North Hollywood Billing Center** | **$2,759.00** |
| **NTTA** | **$100.00** |
| **Power Finance** | **$1,000.00** |
| **Progressive Finance/Leasing** | **$0.00** |
| **Progressive Insurance** | **$0.00** |
| **Receivables Performance Mgmt** | **$0.00** |
| **Reliable Credit Assc I** | **$0.00** |
| **Rent-A-Center** | **$0.00** |
| **Rotech Healthcare** | **$256.78** |
| **Silver Cloud Financial** | **$300.00** |
| **Speedy Cash** | **$0.00** |
| **Stellar Recovery Inc** | **$75.00** |
| **Summitactres** | **$72.00** |

Case No: 19-42682-elm-13
Debtor(s): **Curtis Dwayne Gamble**

| | |
|---|---|
| **Summitactres** | **$61.00** |
| **Tarrant Anesthesia** | **$0.00** |
| **Texas Department of Public Safety** | **$780.00** |
| **Texas Health Huguley Hospital** | **$0.00** |
| **Texas Health Physicians Group** | **$1,009.29** |
| **The Loan Smith** | **$1,100.00** |
| **The Robinson Law Firm** | **$0.00** |
| **TXU/Texas Energy** | **$597.00** |
| **Verizon Wireless** | **$2,467.00** |
| **Zoca Loans** | **$600.00** |
| TOTAL SCHEDULED UNSECURED: | **$44,163.84** |

The *Debtor's(s')* estimated (but not guaranteed) payout to unsecured creditors based on the scheduled amount is _____**0%**_____.

General unsecured claims will not receive any payment until after the order approving the TRCC becomes final.

**K. EXECUTORY CONTRACTS AND UNEXPIRED LEASES:**

| § 365 PARTY | ASSUME/REJECT | CURE AMOUNT | TERM (APPROXIMATE) (MONTHS __ TO __) | TREATMENT |
|---|---|---|---|---|
| **American Homes 4 Rent** | **Assumed** | **$0.00** | | |
| **Rent-a-Center** | **Assumed** | **$0.00** | | |
| **Silverleaf/orange Lake** | **Rejected** | **$0.00** | | |

**SECTION II**
**DEBTOR'S(S') CHAPTER 13 PLAN - GENERAL PROVISIONS**
**FORM REVISED 7/1/17**

**A. SUBMISSION OF DISPOSABLE INCOME:**

*Debtor(s)* hereby submit(s) future earnings or other future income to the *Trustee* to pay the *Base Amount.*

**B. ADMINISTRATIVE EXPENSES, DSO CLAIMS & PAYMENT OF TRUSTEE'S STATUTORY PERCENTAGE FEE(S) AND NOTICING FEES:**

The Statutory Percentage Fees of the *Trustee* shall be paid in full pursuant to 11 U.S.C. §§ 105(a), 1326(b)(2), and 28 U.S.C. § 586(e)(1)(B). The *Trustee* is authorized to charge and collect Noticing Fees as indicated in Section I, Part "B" hereof.

**C. ATTORNEY FEES:**

*Debtor's(s')* Attorney Fees totaling the amount indicated in Section I, Part C, shall be disbursed by the *Trustee* in the amount shown as "Disbursed By The Trustee" pursuant to this *Plan* and the ***Debtor's(s')*** Authorization for Adequate Protection Disbursements ("*AAPD*"), if filed.

**D.(1) PRE-PETITION MORTGAGE ARREARAGE:**

The Pre-Petition *Mortgage Arrearage* shall be paid by the *Trustee* in the allowed pre-petition arrearage amount and at the rate of interest indicated in Section I, Part D.(1). To the extent interest is provided, it will be calculated from the date of the Petition. The principal balance owing upon confirmation of the *Plan* on the allowed pre-petition *Mortgage Arrearage* amount shall be reduced by the total adequate protection less any interest (if applicable) paid to the creditor by the *Trustee*. Such creditors shall retain their liens.

**D.(2) CURRENT POST-PETITION MORTGAGE PAYMENTS DISBURSED BY TRUSTEE IN A CONDUIT CASE:**

*Current Post-Petition Mortgage Payment(s)* shall be paid by the *Trustee* as indicated in Section I, Part D.(2), or as otherwise provided in the General Order.

The *Current Post-Petition Mortgage Payment(s)* indicated in Section I, Part D.(2) reflects what the *Debtor(s)* believe(s) is/are the periodic payment amounts owed to the *Mortgage Lender* as of the date of the filing of this *Plan*. Adjustment of the *Plan Payment* and *Base Amount* shall be calculated as set out in the General Order, paragraph 15(c)(3).

Case No: 19-42682-elm-13
Debtor(s): **Curtis Dwayne Gamble**

Payments received by the *Trustee* for payment of the *Debtor's Current Post-Petition Mortgage Payment(s)* shall be deemed adequate protection to the creditor.

Upon completion of the *Plan, Debtor(s)* shall resume making the *Current Post-Petition Mortgage Payments* required by their contract on the due date following the date specified in the *Trustee's* records as the date through which the *Trustee* made the last *Current Post-Petition Mortgage Payment.*

Unless otherwise ordered by the Court, and subject to Bankruptcy Rule 3002.1(f)-(h), if a *Conduit Debtor* is current on his/her *Plan Payments* or the payment(s) due pursuant to any wage directive, the *Mortgage Lender* shall be deemed current post-petition.

### D.(3)   POST-PETITION MORTGAGE ARREARAGE:

The *Post-Petition Mortgage Arrearage* shall be paid by the *Trustee* in the allowed amount and at the rate of interest indicated in Section I, Part D.(3). To the extent interest is provided, it will be calculated from the date of the Petition.

*Mortgage Lenders* shall retain their liens.

### E.(1)   SECURED CLAIMS TO BE PAID BY TRUSTEE:

The claims listed in Section I, Part E.(1) shall be paid by the *Trustee* as secured to the extent of the lesser of the allowed claim amount (per a timely filed Proof of Claim not objected to by a party in interest) or the value of the *Collateral* as stated in the *Plan.* Any amount claimed in excess of the value shall automatically be split and treated as unsecured as indicated in Section I, Part H or J, per 11 U.S.C. § 506(a). Such creditors shall retain their liens on the *Collateral* described in Section I, Part E.(1) as set out in 11 U.S.C. § 1325(a)(5)(B)(I) and shall receive interest at the rate indicated from the date of confirmation or, if the value shown is greater than the allowed claim amount, from the date of the Petition, up to the amount by which the claim is over-secured. The principal balance owing upon confirmation of the *Plan* on the allowed secured claim shall be reduced by the total of adequate protection payments less any interest (if applicable) paid to the creditor by the *Trustee.*

### E.(2)   SECURED 1325(a)(9) CLAIMS TO BE PAID BY THE TRUSTEE--NO CRAM DOWN:

Claims in Section I, Part E.(2) are either debts incurred within 910 days of the *Petition Date* secured by a purchase money security interest in a motor vehicle acquired for the personal use of the *Debtor(s)* or debts incurred within one year of the *Petition Date* secured by any other thing of value.

The claims listed in Section I, Part E.(2) shall be paid by the *Trustee* as fully secured to the extent of the allowed amount (per a timely filed Proof of Claim not objected to by a party in interest). Such creditors shall retain their liens on the *Collateral* described in Section I, Part E.(2) until the earlier of the payment of the underlying debt determined under non-bankruptcy law or a discharge under § 1328 and shall receive interest at the rate indicated from the date of confirmation. The principal balance owing upon confirmation of the *Plan* on the allowed secured claim shall be reduced by the total of adequate protection payments paid to the creditor by the *Trustee.*

To the extent a secured claim not provided for in Section I, Part D, E.(1) or E.(2) is allowed by the Court, *Debtor(s)* will pay the claim direct per the contract or statute.

Each secured claim shall constitute a separate class.

### F.   SATISFACTION OF CLAIM BY SURRENDER OF COLLATERAL:

The claims listed in Section I, Part F shall be satisfied as secured to the extent of the value of the *Collateral*, as stated in the *Plan*, by surrender of the *Collateral* by the *Debtor(s)* on or before confirmation. Any amount claimed in excess of the value of the *Collateral*, to the extent it is allowed, shall be automatically split and treated as indicated in Section I, Part H or J, per 11 U.S.C. § 506(a).

Each secured claim shall constitute a separate class.

### G.   DIRECT PAYMENTS BY DEBTOR(S):

Payments on all secured claims listed in Section I, Part G shall be disbursed by the *Debtor(s)* to the claimant in accordance with the terms of their agreement or any applicable statute, unless otherwise provided in Section III, "Nonstandard Provisions."

No direct payment to the IRS from future income or earnings in accordance with 11 U.S.C. § 1322(a)(1) will be permitted.

Each secured claim shall constitute a separate class.

Case No:   19-42682-elm-13
Debtor(s):   **Curtis Dwayne Gamble**

---

#### H.   PRIORITY CLAIMS OTHER THAN DOMESTIC SUPPORT OBLIGATIONS:

Failure to object to confirmation of this *Plan* shall not be deemed acceptance of the "SCHED. AMT." shown in Section I, Part H. The claims listed in Section I, Part H shall be paid their allowed amount by the *Trustee*, in full, pro-rata, as priority claims, without interest.

#### I.   CLASSIFIED UNSECURED CLAIMS:

Classified unsecured claims shall be treated as allowed by the Court.

#### J.   GENERAL UNSECURED CLAIMS TIMELY FILED:

All other allowed claims not otherwise provided for herein shall be designated general unsecured claims.

#### K.   EXECUTORY CONTRACTS AND UNEXPIRED LEASES:

As provided in § 1322(b)(7) of the Bankruptcy Code, the *Debtor(s)* assume(s) or reject(s) the executory contracts or unexpired leases with parties as indicated in Section I, Part K.

Assumed lease and executory contract arrearage amounts shall be disbursed by the *Trustee* as indicated in Section I, Part K.

#### L.   CLAIMS TO BE PAID:

"TERM (APPROXIMATE)" as used in this *Plan* states the estimated number of months from the *Petition Date* required to fully pay the allowed claim.  If adequate protection payments have been authorized and made, they will be applied to principal as to both under-secured and fully secured claims and allocated between interest and principal as to over-secured claims.  Payment pursuant to this *Plan* will only be made on statutory, secured, administrative, priority and unsecured claims that are allowed or, pre-confirmation, that the *Debtor(s)* has/have authorized in a filed Authorization for Adequate Protection Disbursements.

#### M.   ADDITIONAL PLAN PROVISIONS:

Any additional *Plan* provisions shall be set out in Section III, "Nonstandard Provisions."

#### N.   POST-PETITION NON-ESCROWED AD VALOREM (PROPERTY) TAXES AND INSURANCE:

Whether the *Debtor* is a *Conduit Debtor* or not, if the regular payment made by the *Debtor* to a *Mortgage Lender* or any other lienholder secured by real property does not include an escrow for the payment of ad valorem (property) taxes or insurance, the *Debtor* is responsible for the timely payment of post-petition taxes directly to the tax assessor and is responsible for maintaining property insurance as required by the mortgage security agreement, paying all premiums as they become due directly to the insurer.  If the *Debtor* fails to make these payments, the mortgage holder may, but is not required to, pay the taxes and/or the insurance.  If the mortgage holder pays the taxes and/or insurance, the mortgage holder may file, as appropriate, a motion for reimbursement of the amount paid as an administrative claim or a *Notice of Payment Change by Mortgage Lender* or a *Notice of Fees, Expenses, and Charges.*

#### O.   CLAIMS NOT FILED:

A claim not filed with the Court will not be paid by the *Trustee* post-confirmation regardless of its treatment in Section I or on the *AAPD.*

#### P.   CLAIMS FOR PRE-PETITION NON-PECUNIARY PENALTIES, FINES, FORFEITURES, MULTIPLE, EXEMPLARY OR PUNITIVE DAMAGES:

Any unsecured claim for a non-pecuniary penalty, fine, or forfeiture, or for multiple, exemplary or punitive damages, expressly including an IRS penalty to the date of the petition on unsecured and/or priority claims, shall be paid only a pro-rata share of any funds remaining after all other unsecured claims, including late filed claims, have been paid in full.

#### Q.   CLAIMS FOR POST-PETITION PENALTIES AND INTEREST:

No interest, penalty, or additional charge shall be allowed on any pre-petition claims subsequent to the filing of the petition, unless expressly provided herein.

#### R.   BUSINESS CASE OPERATING REPORTS:

Upon the filing of the *Trustee's* 11 U.S.C. § 1302(c) Business Case Report, business *Debtors* are no longer required to file operating reports with the *Trustee*, unless the *Trustee* requests otherwise.  The filing of the *Trustee's* 11 U.S.C. § 1302(c) Business Case Report shall terminate the *Trustee's* duties but not the *Trustee's* right to investigate or monitor the *Debtor's(s')* business affairs, assets or liabilities.

Case No: 19-42682-elm-13
Debtor(s): **Curtis Dwayne Gamble**

---

**S. NO TRUSTEE'S LIABILITY FOR DEBTOR'S POST-CONFIRMATION OPERATION AND BAR DATE FOR CLAIMS FOR PRE-CONFIRMATION OPERATIONS:**

The *Trustee* shall not be liable for any claim arising from the post-confirmation operation of the *Debtor's(s')* business. Any claims against the *Trustee* arising from the pre-confirmation operation of the *Debtor's(s')* business must be filed with the Bankruptcy Court within sixty (60) days after entry by the Bankruptcy Court of the Order of Confirmation or be barred.

**T. DISPOSAL OF DEBTOR'S NON-EXEMPT PROPERTY; RE-VESTING OF PROPERTY; NON-LIABILITY OF TRUSTEE FOR PROPERTY IN POSSESSION OF DEBTOR WHERE DEBTOR HAS EXCLUSIVE RIGHT TO USE, SELL, OR LEASE IT; AND TRUSTEE PAYMENTS UPON POST CONFIRMATION CONVERSION OR DISMISSAL:**

*Debtor(s)* shall not dispose of or encumber any non-exempt property or release or settle any lawsuit or claim by *Debtor(s)*, prior to discharge, without consent of the *Trustee* or order of the Court after notice to the *Trustee* and all creditors.

Property of the estate shall not vest in the *Debtor* until such time as a discharge is granted or the *Case* is dismissed or closed without discharge. Vesting shall be subject to all liens and encumbrances in existence when the *Case* was filed and all valid post-petition liens, except those liens avoided by court order or extinguished by operation of law. In the event the *Case* is converted to a case under chapter 7, 11, or 12 of the Bankruptcy Code, the property of the estate shall vest in accordance with applicable law. After confirmation of the *Plan*, the *Trustee* shall have no further authority, fiduciary duty or liability regarding the use, sale, insurance of or refinance of property of the estate except to respond to any motion for the proposed use, sale, or refinance of such property as required by the applicable laws and/or rules. Prior to any discharge or dismissal, the *Debtor(s)* must seek approval of the court to purchase, sell, or refinance real property.

Upon dismissal of the *Case* post confirmation, the *Trustee* shall disburse all funds on hand in accordance with this *Plan*. Upon conversion of the *Case*, any balance on hand will be disbursed by the *Trustee* in accordance with applicable law.

**U. ORDER OF PAYMENT:**

Unless otherwise ordered by the court, all claims and other disbursements made by the Chapter 13 *Trustee* after the entry of an order confirming the Chapter 13 Plan, whether pursuant to this *Plan* or a modification thereof, will be paid in the order set out below, to the extent a creditor's claim is allowed or the disbursement is otherwise authorized. Each numbered paragraph below is a level of payment. All disbursements which are in a specified monthly amount are referred to as "per mo." At the time of any disbursement, if there are insufficient funds on hand to pay any per mo payment in full, claimant(s) with a higher level of payment shall be paid any unpaid balance owed on a per mo payment plus the current per mo payment owed to that same claimant, in full, before any disbursement to a claimant with a lower level of payment. If multiple claimants are scheduled to receive per mo payments within the same level of payment and there are insufficient funds to make those payments in full, available funds will be disbursed to the claimants within that level on a pro-rata basis. Claimants with a higher level of payment which are designated as receiving pro-rata payments shall be paid, in full, before any disbursements are made to any claimant with a lower level of payment.

1st -- Clerk's Filing Fee and Trustee's Percentage Fee(s) and Noticing Fees in B.(1) and B.(2) and per statutory provisions will be paid in full.

2nd -- Current Post-Petition Mortgage Payments (Conduit) in D.(2) and as adjusted according to the General Order, which must be designated to be paid per mo.

3rd -- Creditors listed in E.(1)(A) and E.(2)(A), which must be designated to be paid per mo, and Domestic Support Obligations ("DSO") in B.(3), which must be designated to be paid per mo.

4th -- Attorney Fees in C, which must be designated to be paid pro-rata.

5th -- Post-Petition Mortgage Arrearage as set out in D.(3), if designated to be paid per mo.

6th -- Post-Petition Mortgage Arrearage as set out in D.(3), if designated to be paid pro-rata.

7th -- Arrearages owed on Executory Contracts and Unexpired Leases in K, which must be designated to be paid per mo.

Case No:   19-42682-elm-13
Debtor(s):   **Curtis Dwayne Gamble**

---

8th -- Any Creditors listed in D.(1), if designated to be paid per mo.

9th -- Any Creditors listed in D.(1), if designated to be paid pro-rata and/or Creditors listed in E.(1)(B) or E.(2)(B), which must be designated to be paid pro-rata.

10th -- All amounts allowed pursuant to a *Notice of Fees, Expenses and Charges*, which will be paid pro-rata.

11th -- Priority Creditors Other than Domestic Support Obligations ("Priority Creditors") in H, which must be designated to be paid pro-rata.

12th -- Special Class in I, which must be designated to be paid per mo.

13th -- Unsecured Creditors in J, other than late filed or penalty claims, which must be designated to be paid pro-rata.

14th -- Late filed claims by Secured Creditors in D.(1), D.(2), D.(3), E.(1) and E.(2), which must be designated to be paid pro-rata, unless other treatment is authorized by the Court.

15th -- Late filed claims for DSO or filed by Priority Creditors in B.(3) and H, which must be designated to be paid pro-rata.

16th -- Late filed claims by Unsecured Creditors in J, which must be designated to be paid pro-rata.

17th -- Unsecured claims for a non-pecuniary penalty, fine, or forfeiture, or for multiple, exemplary or punitive damages, expressly including an IRS penalty to the date of the petition on unsecured and/or priority claims.  These claims must be designated to be paid pro-rata.

### V.   POST-PETITION CLAIMS:

Claims filed under § 1305 of the Bankruptcy Code shall be paid as allowed.  To the extent necessary, *Debtor(s)* will modify this *Plan*.

### W.   TRUSTEE'S RECOMMENDATION CONCERNING CLAIMS ("TRCC") PROCEDURE:

See the provisions of the General Order regarding this procedure.

Case No:    19-42682-elm-13
Debtor(s):  **Curtis Dwayne Gamble**

---

### SECTION III
### NONSTANDARD PROVISIONS

The following nonstandard provisions, if any, constitute terms of this *Plan*.  Any nonstandard provision placed elsewhere in the *Plan* is void.

**None.**

I, the undersigned, hereby certify that the *Plan* contains no nonstandard provisions other than those set out in this final paragraph.

**/s/ Marcus Leinart**
_____
Marcus Leinart, Debtor's(s') Attorney

_____
Debtor (if unrepresented by an attorney)

Debtor's(s') Chapter 13 Plan (Containing a Motion for Valuation) is respectfully submitted.

**/s/ Marcus Leinart**
_____
Marcus Leinart, Debtor's(s') Counsel

**00794156**
_____
State Bar Number

Case No: 19-42682-elm-13
Debtor(s): **Curtis Dwayne Gamble**

---

### CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that the foregoing Debtor's(s') Chapter 13 Plan (Containing a Motion for Valuation) was served on the following entities either by Electronic Service or by First Class Mail, Postage Pre-paid on the ___**29th day of July, 2019**___ :

(List each party served, specifying the name and address of each party)

Dated: ___**July 29, 2019**___                          **/s/ Marcus Leinart**_____
                                                                        Marcus Leinart, Debtor's(s') Counsel

| | | |
|---|---|---|
| Aarons Sales & Lease<br>xxxxx5521<br>309 E Paces Ferry Rd NE<br>Atlanta, GA 30305 | Aarons Sales & Lease<br>xxxxx6084<br>309 E Paces Ferry Rd NE<br>Atlanta, GA 30305 | Aarons Sales & Lease<br>xxxxx9950<br>Attn: Bankruptcy<br>309 E Paces Ferry Rd NE<br>Atlanta, GA 30305 |
| Aarons Sales & Lease<br>xxxxx4542<br>309 E Paces Ferry Rd NE<br>Atlanta, GA 30305 | Aarons Sales & Lease<br>xxxxx5899<br>309 E Paces Ferry Rd NE<br>Atlanta, GA 30305 | Aarons Sales & Lease<br>xxxxx8994<br>309 E Paces Ferry Rd NE<br>Atlanta, GA 30305 |
| Aarons Sales & Lease<br>xxxxx0386<br>309 E Paces Ferry Rd NE<br>Atlanta, GA 30305 | Aarons Sales & Lease<br>xxxx2410<br>309 E Paces Ferry Rd NE<br>Atlanta, GA 30305 | Acclaim Physicians Group<br>xxxxx3772<br>PO Box 732973<br>Dallas, TX 75373 |
| Aarons Sales & Lease<br>xxxxx6137<br>309 E Paces Ferry Rd NE<br>Atlanta, GA 30305 | Aarons Sales & Lease<br>xxxxxxx5281<br>309 E Paces Ferry Rd NE<br>Atlanta, GA 30305 | Accounts Receivable Managment<br>xxxx6541<br>1806 33rd St.<br>Orlando, FL 32839 |
| Aarons Sales & Lease<br>xxxxx5897<br>309 E Paces Ferry Rd NE<br>Atlanta, GA 30305 | Aarons Sales & Lease<br>xxxxxxx5280<br>309 E Paces Ferry Rd NE<br>Atlanta, GA 30305 | Ad Astra Recovery<br>xxx3001<br>7330 W 33rd St Ste 118<br>Wichita, KS 67205 |
| Aarons Sales & Lease<br>xxxxx4994<br>309 E Paces Ferry Rd NE<br>Atlanta, GA 30305 | Aarons Sales & Lease<br>xxxx3051<br>309 E Paces Ferry Rd NE<br>Atlanta, GA 30305 | Alliance One<br>xxxx3714<br>Attn: Bankruptcy<br>PO Box 2449<br>Gig Harbor, WA 98335 |

Case No: 19-42682-elm-13
Debtor(s): **Curtis Dwayne Gamble**

_____

Alltran Financial LP
xxxx-xxxx-xxxx-5764
PO Box 722929
Houston, TX 77272-2929

BECU
xxxxxx9773
Attn: Bankruptcy
P O Box 97050
Seattle, WA 98124

Credit Protection Association
xxxx6527
13355 Noel Rd.
Dallas, TX 75240

Alltran Health Inc
xxxx3555
200 14th Ave. East
Sartell, MN 56377

Brident Dental
xxx-xx6145
PO Box 1259
Oaks, PA 19456

Credit Systems International, Inc
xxxxx0128
Attn: Bankruptcy
PO Box 1088
Arlington, TX 76004

Ambit Energy
xxxx6527
PO Box 864589
Plano, TX 75086

Brident Dental
xxx-xx6145
PO Box 1259 Dept. 18882
Oaks, PA 19456

Curtis Dwayne Gamble
512 Oriel Circle
Crowley, TX 76036

American Homes 4 Rent
801 E. Campbell Rd. Ste. 460
Richardson, TX 75081

Cash Factory
6965 S. Rainbow Blvd. Ste. 130
Las Vegas, NV 89118

Dr. Tariq M Yunus, MD
12001 South Fwy #201
Burleson, TX 76028

AMH 2014-1 Borrower, LLC
30601 Agoura Rd
Agoura Hills, CA 91301

Cash Store
3206 Sycamore School Rd
Fort Worth TX 76133

First Federal Credit & Collections
xxxx2100
24700 Chagrin Blvd
Suite 205
Cleveland, OH 44122

Banfield Pet Hospital
8000 NE Tillamook
P.O. Box 13998
Portland, OR 97213

Credit Collections Svc
xxxx3510
PO Box 773
Needham, MA 02494

Gexa Energy
Attn: Bankruptcy Dept.
20455 State Hwy 249 Ste 200
Houston, TX 77070

Baylor Scott& White Health
Baylor All Saints Medical Center
2001 Bryan Street Suite 200
Dallas, TX 75201

Credit One Bank
P O Box 98873
Las Vegas, NV 89193

IC Systems, Inc
xxxx8974
Attention: Bankruptcy
PO Box 64378
St Paul, MN 55164

BECU
xxxxxx7202
Attn: Bankruptcy
P O Box 97050
Seattle, WA 98124

Credit One Bank Na
xxxx-xxxx-xxxx-5764
PO Box 98873
Las Vegas, NV 89193

Imran K Patel
1445
6913 Camp Bowie Blvd.
Fort Worth, TX 76116

Case No:  19-42682-elm-13
Debtor(s):  **Curtis Dwayne Gamble**

---

Internal Revenue Service
Centralized Insolvency Operations
PO Box 7346
Philadelphia, PA 19101-7346

North American Credit Services
xxxxxxx5794
PO Box 182221
Chattanooga, TN 37422

Rent-A-Center
5700 Tennyson Pkwy
Plano, TX 75024

Kinum
xxxxxxxxxxx0159
2133 Upton Dr
Virginia Beach, VA 23454

North Hollywood Billing Center
xxxxxxxx-xxx-x1640
4605 Lankershim Blvd.
North Hollywood, CA 91602

Rent-a-Center
1201 E Rendon Crowley Rd
Burleson, TX 76028

Kohls/Capital One
xxxxxxxxxxxx1534
Kohls Credit
PO Box 3043
Milwaukee, WI 53201

NTTA
PO Box 660244
Dallas, TX 75266-0244

Rotech Healthcare
xxx2198
PO Box 85001
Orlando, FL 32885-0001

LVNV Funding/Resurgent Capital
xxxxxxxxxxxx5764
PO Box 10497
Greenville, SC 29603

Power Finance
9595 Six Points Dr. Ste 8210
Spring, TX 77380

Santander Consumer USA
xxxxxxxxxxxx1000
PO Box 961275
Fort Worth, TX 76161

Meridian Credit Solutions
6400 Canoga Ave
West Hills, CA 91307

Progressive Finance/Leasing
11629 S 700 E St Ste 250
Draper, UT 84020

Silver Cloud Financial
635 E. Hwy. 20. C
Upper Lake, CA 95485

Money Key
3422 Old Capitol Trail Ste. 1613
Wilmington, DE 19808

Progressive Insurance
PO Box 31260
Tampa, FL 33631

Silverleaf/orange Lake
xxxx7145
1201 Elm St Ste 4600
Dallas, TX 75270

North American Credit Services
xxxxxxx3924
PO Box 182221
Chattanooga, TN 37422

Receivables Performance Mgmt
xxxx9297
Attn: Bankruptcy
PO Box 1548
Lynnwood, WA 98036

Silverleaf/orange Lake
1201 Elm St Ste 4600
Dallas, TX 75270

North American Credit Services
xxxxxxx0184
PO Box 182221
Chattanooga, TN 37422

Reliable Credit Assc I
xx8170
6815 196th St Sw Ste J
Lynnwood, WA 98036

Speedy Cash
SCIL Texas, Inc.
3527 N. Ridge Rd
Wichita, KS 67205

Case No: 19-42682-elm-13
Debtor(s): **Curtis Dwayne Gamble**

---

Stellar Recovery Inc
xxxx0055
Attn: Bankruptcy
4500 Salisbury Road Ste 105
Jackonville, FL 32216

The Robinson Law Firm
2704 Sherrill Park Ct.
Richardson, TX 75082

Summitactres
xxxxxxxxxxxxx4676
Po Box 131
Champlin, MN 55316

Tim Truman
6851 N.E. Loop 820, Ste 310
N. Richland Hills, TX 76180-6608

Summitactres
xxxxxxxxxxxxx3858
Po Box 131
Champlin, MN 55316

TXU/Texas Energy
xxxxxxxxxxxx5699
TXU/Bankruptcy
PO Box 650393
Dallas, TX 75265

Tarrant Anesthesia
c/o Larry Taylor
3616 Alta Mesa Blvd.
Ste. 103
Ft. Worth, TX 76133

Verizon Wireless
xxxxxxxxxx0001
Attn: Verizon Wireless Bankruptcy
Admini
500 Technology Dr, Ste 550
Weldon Spring, MO 63304

Texas Department of Public Safety
PO Box 16733
Austin, TX 78761-6733

Zoca Loans
c/o Rosebud Lending LZO
PO Box 1147
24565 Research Park Dr.
Mission, SD 57555

Texas Health Huguley Hospital
PO Box 1965
Southgate, MI 48195-0965

Texas Health Physicians Group
xxxxx0516
P.O. Box 733509
Dallas, TX 75373

The Loan Smith
621 Medicine Way
Ukiah, CA 95482

**Leinart Law Firm**
11520 N. Central Expressway
Suite 212
Dallas, Texas 75243

Bar Number: **00794156**
Phone: **(469) 232-3328**

**IN THE UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**
Revised 10/1/2016

IN RE: **Curtis Dwayne Gamble**      xxx-xx-6630   §      CASE NO: **19-42682-elm-13**
       512 Oriel Circle                          §
       Crowley, TX 76036                          §
                                                  §
                                                  §

Debtor(s)

## AUTHORIZATION FOR ADEQUATE PROTECTION DISBURSEMENTS      DATED: <u>7/29/2019</u>

The undersigned Debtor(s) hereby request that payments received by the Trustee prior to confirmation be disbursed as indicated below:

| | | |
|---|---|---|
| Periodic Payment Amount | | **$430.00** |
| Disbursements | First (1) | Second (2) (Other) |
| Account Balance Reserve | $5.00 | $5.00 carried forward |
| Trustee Percentage Fee | $42.50 | $43.00 |
| Filing Fee | $0.00 | $0.00 |
| Noticing Fee | $79.80 | $0.00 |
| **Subtotal Expenses/Fees** | **$127.30** | **$43.00** |
| Available for payment of Adequate Protection, Attorney Fees and Current Post-Petition Mortgage Payments: | **$302.70** | **$387.00** |

### CREDITORS SECURED BY VEHICLES (CAR CREDITORS):

| Name | Collateral | Scheduled Amount | Value of Collateral | Adequate Protection Percentage | Adequate Protection Payment Amount |
|---|---|---|---|---|---|
| Santander Consumer USA | 2016 Dodge Journey | $17,000.00 | $21,000.00 | 1.25% | $262.50 |
| | Total Adequate Protection Payments for Creditors Secured by Vehicles: | | | | **$262.50** |

### CURRENT POST-PETITION MORTGAGE PAYMENTS (CONDUIT):

| Name | Collateral | Start Date | Scheduled Amount | Value of Collateral | Payment Amount |
|---|---|---|---|---|---|
| | Payments for Current Post-Petition Mortgage Payments (Conduit): | | | | **$0.00** |

Case No:    19-42682-elm-13
Debtor(s):   Curtis Dwayne Gamble

## CREDITORS SECURED BY COLLATERAL OTHER THAN A VEHICLE:

| Name | Collateral | Scheduled Amount | Value of Collateral | Adequate Protection Percentage | Adequate Protection Payment Amount |
|---|---|---|---|---|---|
| Total Adequate Protection Payments for Creditors Secured by Collateral other than a vehicle: | | | | | **$0.00** |

### TOTAL PRE-CONFIRMATION PAYMENTS

**First Month Disbursement (after payment of Clerk's Filing Fee, any Noticing Fee, Chapter 13 Trustee Percentage Fee, and retention of the Account Balance Reserve):**

| | |
|---|---|
| Current Post-Petition Mortgage Payments (Conduit payments), per mo: | **$0.00** |
| Adequate Protection to Creditors Secured by Vehicles ("Car Creditor"), per mo: | **$262.50** |
| Debtor's Attorney, per mo: | **$40.20** |
| Adequate Protection to Creditors Secured by other than a Vehicle, per mo: | **$0.00** |

**Disbursements starting month 2 (after payment of Clerk's Filing Fee, any Noticing Fee, Chapter 13 Trustee Percentage Fee, and retention of the Account Balance Reserve):**

| | |
|---|---|
| Current Post-Petition Mortgage Payments (Conduit payments), per mo: | **$0.00** |
| Adequate Protection to Creditors Secured by Vehicles ("Car Creditor"), per mo: | **$262.50** |
| Debtor's Attorney, per mo: | **$124.50** |
| Adequate Protection to Creditors Secured by other than a Vehicle, per mo: | **$0.00** |

**Order of Payment:**

Unless otherwise ordered by the court, all claims and other disbursements made by the Chapter 13 Trustee prior to entry of an order confirming the Chapter 13 Plan will be paid in the order set out above.  All disbursements which are in a specified monthly amount are referred to as "per mo".  At the time of any disbursement, if there are insufficient funds on hand to pay any per mo payment in full, claimant(s) with a higher level of payment shall be paid any unpaid balance owed on the per mo payment plus the current per mo payment owed to that same claimant, in full, before any disbursement to a claimant with a lower level of payment.  Other than the Current Post-Petition Mortgage Payments, the principal balance owing upon confirmation of the Plan on the allowed secured claim shall be reduced by the total of adequate protection payments, less any interest (if applicable), paid to the creditor by the Trustee.

DATED:   **7/29/2019**

**/s/ Marcus Leinart**
Attorney for Debtor(s)

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF TEXAS
### FORT WORTH DIVISION

IN RE:   **Curtis Dwayne Gamble**

CASE NO.   **19-42682-elm-13**

CHAPTER   **13**

## Certificate of Service

I hereby certify that on this date, I did serve a true and correct copy of the foregoing to the following interested parties and those listed on the attached matrix by United States Mail, First Class:

Date:   **7/29/2019**

**/s/ Marcus Leinart**
**Marcus Leinart**
Attorney for the Debtor(s)

| | | |
|---|---|---|
| Aarons Sales & Lease<br>309 E Paces Ferry Rd NE<br>Atlanta, GA 30305 | Alltran Financial LP<br>PO Box 722929<br>Houston, TX 77272-2929 | Baylor Scott& White Health<br>Baylor All Saints Medical Center<br>2001 Bryan Street Suite 200<br>Dallas, TX 75201 |
| Aarons Sales & Lease<br>Attn: Bankruptcy<br>309 E Paces Ferry Rd NE<br>Atlanta, GA 30305 | Alltran Health Inc<br>200 14th Ave. East<br>Sartell, MN 56377 | BECU<br>Attn: Bankruptcy<br>P O Box 97050<br>Seattle, WA 98124 |
| Acclaim Physicians Group<br>PO Box 732973<br>Dallas, TX 75373 | Ambit Energy<br>PO Box 864589<br>Plano, TX 75086 | Brident Dental<br>PO Box 1259<br>Oaks, PA 19456 |
| Accounts Receivable Managment<br>1806 33rd St.<br>Orlando, FL 32839 | American Homes 4 Rent<br>801 E. Campbell Rd. Ste. 460<br>Richardson, TX 75081 | Brident Dental<br>PO Box 1259 Dept. 18882<br>Oaks, PA 19456 |
| Ad Astra Recovery<br>7330 W 33rd St Ste 118<br>Wichita, KS 67205 | AMH 2014-1 Borrower, LLC<br>30601 Agoura Rd<br>Agoura Hills, CA 91301 | Cash Factory<br>6965 S. Rainbow Blvd. Ste. 130<br>Las Vegas, NV 89118 |
| Alliance One<br>Attn: Bankruptcy<br>PO Box 2449<br>Gig Harbor, WA 98335 | Banfield Pet Hospital<br>8000 NE Tillamook<br>P.O. Box 13998<br>Portland, OR 97213 | Cash Store<br>3206 Sycamore School Rd<br>Fort Worth TX 76133 |

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

IN RE:  **Curtis Dwayne Gamble**

CASE NO.  **19-42682-elm-13**

CHAPTER  **13**

## Certificate of Service

(Continuation Sheet #1)

---

| | | |
|---|---|---|
| Credit Collections Svc<br>PO Box 773<br>Needham, MA 02494 | First Federal Credit & Collections<br>24700 Chagrin Blvd<br>Suite 205<br>Cleveland, OH 44122 | Leinart Law Firm<br>11520 N. Central Expressway<br>Suite 212<br>Dallas, Texas 75243 |
| Credit One Bank<br>P O Box 98873<br>Las Vegas, NV  89193 | Gexa Energy<br>Attn: Bankruptcy Dept.<br>20455 State Hwy 249 Ste 200<br>Houston, TX 77070 | LVNV Funding/Resurgent Capital<br>PO Box 10497<br>Greenville, SC 29603 |
| Credit One Bank Na<br>PO Box 98873<br>Las Vegas, NV 89193 | IC Systems, Inc<br>Attention: Bankruptcy<br>PO Box 64378<br>St Paul, MN 55164 | Meridian Credit Solutions<br>6400 Canoga Ave<br>West Hills, CA 91307 |
| Credit Protection Association<br>13355 Noel Rd.<br>Dallas, TX 75240 | Imran K Patel<br>6913 Camp Bowie Blvd.<br>Fort Worth, TX 76116 | Money Key<br>3422 Old Capitol Trail Ste. 1613<br>Wilmington, DE 19808 |
| Credit Systems International, Inc<br>Attn: Bankruptcy<br>PO Box 1088<br>Arlington, TX 76004 | Internal Revenue Service<br>Centralized Insolvency Operations<br>PO Box 7346<br>Philadelphia, PA 19101-7346 | North American Credit Services<br>PO Box 182221<br>Chattanooga, TN 37422 |
| Curtis Dwayne Gamble<br>512 Oriel Circle<br>Crowley, TX 76036 | Kinum<br>2133 Upton Dr<br>Virginia Beach, VA 23454 | North Hollywood Billing Center<br>4605 Lankershim Blvd.<br>North Hollywood, CA 91602 |
| Dr. Tariq M Yunus, MD<br>12001 South Fwy #201<br>Burleson, TX 76028 | Kohls/Capital One<br>Kohls Credit<br>PO Box 3043<br>Milwaukee, WI 53201 | NTTA<br>PO Box 660244<br>Dallas, TX 75266-0244 |

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF TEXAS
## FORT WORTH DIVISION

IN RE:   **Curtis Dwayne Gamble**

CASE NO.   **19-42682-elm-13**

CHAPTER   **13**

## Certificate of Service

(Continuation Sheet #2)

---

Power Finance
9595 Six Points Dr. Ste 8210
Spring, TX 77380

Rotech Healthcare
PO Box 85001
Orlando, FL 32885-0001

Tarrant Anesthesia
c/o Larry Taylor
3616 Alta Mesa Blvd.
Ste. 103
Ft. Worth, TX 76133

Progressive Finance/Leasing
11629 S 700 E St Ste 250
Draper, UT 84020

Santander Consumer USA
PO Box 961275
Fort Worth, TX 76161

Texas Department of Public Safety
PO Box 16733
Austin, TX 78761-6733

Progressive Insurance
PO Box 31260
Tampa, FL 33631

Silver Cloud Financial
635 E. Hwy. 20. C
Upper Lake, CA 95485

Texas Health Huguley Hospital
PO Box 1965
Southgate, MI 48195-0965

Receivables Performance Mgmt
Attn: Bankruptcy
PO Box 1548
Lynnwood, WA 98036

Silverleaf/orange Lake
1201 Elm St Ste 4600
Dallas, TX 75270

Texas Health Physicians Group
P.O. Box 733509
Dallas, TX 75373

Reliable Credit Assc I
6815 196th St Sw Ste J
Lynnwood, WA 98036

Speedy Cash
SCIL Texas, Inc.
3527 N. Ridge Rd
Wichita, KS 67205

The Loan Smith
621 Medicine Way
Ukiah, CA 95482

Rent-A-Center
5700 Tennyson Pkwy
Plano, TX 75024

Stellar Recovery Inc
Attn: Bankruptcy
4500 Salisbury Road Ste 105
Jackonville, FL 32216

The Robinson Law Firm
2704 Sherrill Park Ct.
Richardson, TX 75082

Rent-a-Center
1201 E Rendon Crowley Rd
Burleson, TX 76028

Summitactres
Po Box 131
Champlin, MN 55316

Tim Truman
6851 N.E. Loop 820, Ste 310
N. Richland Hills, TX 76180-6608

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF TEXAS
## FORT WORTH DIVISION

IN RE: **Curtis Dwayne Gamble**

CASE NO. **19-42682-elm-13**

CHAPTER **13**

## Certificate of Service

(Continuation Sheet #3)

TXU/Texas Energy
TXU/Bankruptcy
PO Box 650393
Dallas, TX 75265


United States Trustee- Northern District
1100 Commerce St, Rm 976
Dallas, TX 75242



Verizon Wireless
Attn: Verizon Wireless Bankruptcy
Admini
500 Technology Dr, Ste 550
Weldon Spring, MO 63304


Zoca Loans
c/o Rosebud Lending LZO
PO Box 1147
24565 Research Park Dr.
Mission, SD 57555